Anthony J. RUGGIERO, Executor of the Last Will and Testament of Antoinetta Ruggiero, Deceased, Appellee,

v.

John MANCHIN, Appellant.

No. 71–1657.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 10, 1972.

Decided March 8, 1972.

Alfred J. Lemley, Fairmont, W. Va. (Russell L. Furbee, Alan B. Mollohan, and Furbee, Amos, Webb & Critchfield, Fairmont, W. Va., on brief), for appellant.

Paul E. Parker, Jr., Fairmont, W. Va., and Clarence M. Rogers, Clarksburg, W. Va., for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

John Manchin appeals from a judgment awarding damages for the death of Antoinetta Ruggiero. His principal claim is that Mrs. Ruggiero's husband was not her dependent distributee within the meaning of West Virginia's Wrongful Death Act. The district court ruled he was, and we affirm.

The evidence disclosed that Mr. Ruggiero was self-employed as an interior decorator and his earnings adequately supported his family. Mrs. Ruggiero performed all the duties of a housewife, made clothes for herself and her two daughters, planted a garden, and canned food for the family. She also assisted her husband by receiving telephone calls from his customers and by maintaining and renting an upstairs apartment in their home. In the year preceding her death, she earned $1,500 clipping poodles. An economist testified to the present pecuniary value of her services for her life expectancy, and the court allowed the jury to consider this loss as an element of their award.

West Virginia's Wrongful Death Act allows recovery for sorrow and for "financial or pecuniary loss sustained by the dependent distributee. . . ."[1] Manchin contends that recovery should be limited to solace and that an additional award for pecuniary loss is improper because Mrs. Ruggiero's husband was not dependent on her for his support, maintenance, or necessities.

The Supreme Court of Appeals of West Virginia has not decided this issue, but we are satisfied the district judge correctly interpreted the Act. Mr. Ruggiero depended on his wife for services that had a pecuniary value. His dependence, though partial, was nonetheless real, and her death caused him financial loss. Authorities we deem persuasive establish that Mr. Ruggiero was a dependent of his wife within the meaning of the Act and that his loss is compensable. See, e.g., Correia v. Van Camp Sea Food Co., 113 Cal.App.2d 71, 248 P.2d 81 (1952); Carianni v. Schwenker, 38 N.J.Super. 350, 118 A.2d 847 (1955); Clement v. Cummings, 212 Or. 161, 317 P.2d 579 (1957); S. Speiser, Recovery for Wrongful Death 171 (1966). But see Duval v. Hunt, 34 Fla. 85, 15 So. 876, 881 (1894).

We find no merit in Manchin's contention that his store, where Mrs. Ruggiero died in a fire, was not subject to the State Fire Marshall's safety regulations.

Affirmed.

---

[1] W.Va.Code Ann. ch. 55, art. 7, § 6 (1971), provides in part:

"In every such action the jury may award such damages as they deem fair and just, not exceeding ten thousand dollars, and the amount recovered shall be distributed to the parties and in the proportion provided by law for the distribution of personal estate left by persons dying intestate. In addition, the jury may award such further damages, not exceeding the sum of one hundred thousand dollars, as shall equal the financial or pecuniary loss sustained by the dependent distributee or distributees of such deceased person, and shall be distributed as though part of the decedent's estate to decedent's dependent distributees in the proportions provided by the laws of descent and distribution." The Act also allows recovery for funeral expenses, an item over which there is no dispute.